## Speeder Cycle Company *v.* Teeter.

[No. 1,989.  Filed November 24, 1897.]

CONTRACTS.—*Of Employment.*—*Tenure.*—A contract of employment, whether written or verbal, where by its terms the tenure of service cannot be determined, is a contract at will, and may be terminated at any time at the election of either party.  *p. 477.*

SAME.—*Of Employment.*—*Indefinite Tenure.*—A contract of employment at a fixed *per diem,* until a certain factory is completed, and after the factory is put in operation the service to continue indefinitely at a different *per diem,* is so indefinite as to the term of service that it is determinable at the election of either party.  *pp. 478, 479.*

PLEADING.—*Complaint.*—*Certainty.*— The common law rule requiring the facts to be set forth in the declaration "with certainty," is embodied in section 341, Burns' R. S. 1894, requiring that the complaint shall contain "a statement of facts constituting the cause of

action, in plain and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." *pp. 479, 480.*

From the Henry Circuit Court. *Reversed.*

*M. E. Forkner*, for appellant.

*J. M. Morris* and *W. O. Barnard*, for appellee.

WILEY, C. J.—Appellee sued appellant, which is a corporation, under an alleged contract of service, and recovered judgment for $62.81. The complaint is in three paragraphs. The first paragraph counts upon a verbal contract made directly with appellant on or about July 15, 1894, whereby it was agreed that appellee should enter into its employ, in the capacity of mechanic and builder and maker of bicycles, until appellant should complete and commence to operate its factory; that appellee was to receive for his services $3.50 per day, and that after said factory should be in operation, he was to be paid $4.00 per day. The first paragraph of the complaint further avers that appellant was to furnish appellee steady and continuous employment until said factory should be put in operation; that he (appellee) entered into said employment, and was ready and willing to continue therein, but that appellant failed and refused to give him steady and continuous employment, but only permitted him to work for twenty-one days; that he was ready and willing to perform the labor for appellant as agreed upon, but that appellant, long before it completed its said factory, and began to operate the same, wrongfully discharged him, and refused to give him any work to do, to his damage, etc.

The second paragraph of complaint does not aver a contract directly with the appellant, but that the contract was made with Henry J. Adams and others, who represented to appellee that they were the owners of

certain letters patent, and that they were about to form themselves into a corporation for the manufacture of bicycles and attachments, under said letters patent; that they desired to employ appellee for and on behalf of the proposed corporation; that afterwards they did employ him, representing to him that the company was formed and ready to be incorporated, and that they were the sole owners of the stock. It is further alleged that pursuant to said employment, he began to work for the company; that the company paid him his wages, but afterwards discharged him. The term and conditions of appellee's employment, as set out in the second paragraph of complaint, are in substance the same as the first. He bases his right of recovery, not upon unpaid wages, but upon the alleged breach of the executory contract.

The third paragraph is like the second in all substantial respects, except that it avers a ratification by appellant of the contract between appellee and Henry J. Adams and others, its promoters. The averment of ratification is as follows: "That afterwards, on the 18th day of July, 1894, and after the said defendant company had been incorporated, as aforesaid, the plaintiff and the defendant company ratified and confirmed the agreement made as aforesaid, and said plaintiff entered into the employment of said defendant under said agreement, and that defendant company began to construct and build its factory," etc.

Appellant demurred to each paragraph of the complaint, which was overruled, and such ruling is one of the errors assigned here.

Appellant contends that neither paragraph is sufficient to withstand a demurrer, and we will consider the objections urged, in their order, as presented by the learned counsel.

It is insisted first, that each paragraph is fatally

defective, because of uncertainty in the averments as to the term of employment. The rule seems to be well settled, by the great weight of authority, that where, by the terms of a contract, whether it be written or verbal, the contract is one of employment, and by its terms, the tenure of service cannot be determined, such contract is one at will, and may be terminated at any time, at the election of either party. The contract declared upon, as it appears from the complaint, is an executory one, for it signifies agreements or promises which create rights *in personam*. In the first paragraph of the complaint, the term of appellee's employment is designated as follows: "That the defendant would furnish the plaintiff steady and continuous employment from and after July 15, 1894, until said factory should be put in operation."

In the second paragraph of complaint the term of the contract of employment, was, in the language of the complaint, "from and after July 18, 1894, until it (appellant) should complete and commence to operate its bicycle factory, then intended to be built in New Castle, Indiana." It is further averred in this paragraph of the complaint that, "the defendant refused to provide plaintiff employment, although its said factory is not yet completed ready to operate."

In the third, the language used was, "that if he (appellee) would enter into the employment of the defendant as mechanic, builder, and maker of bicycles and patterns and models  *  *  *  *  from and after July 18, 1894, until it should complete and commence to operate its bicycle factory then intended to be built,  *  *  *  * *, the defendant would pay plaintiff for his services the price and wages of $3.00 per day, and that after such factory should be put in operation that he should be paid $4.00 per day for his services."

It is apparent from all the averments of the complaint, that appellee was seeking to recover damages for a wrongful discharge, before the expiration of his contract, and not for wages already earned.

It must be conceded that the contract was indefinite and uncertain as to the term of appellee's employment, in this:   (1) That no time is fixed in which appellant's factory was to be completed, or when it was to commence operations.   (2) That after said factory should commence operations, there is no averment as to the length of time he should remain in the service of appellant, or how long the factory was to be operated.

There is a clear distinction between indefinite and uncertain contracts of service and those where the terms of the contract are expressly fixed by the contract itself.   In an action upon the latter class of contracts for a breach thereof for a wrongful discharge before the expiration of the time, there is a certain and definite criterion, from which the measure of damages can be ascertained; but in a contract, where the term of employment cannot be ascertained with reasonable certainity by the terms of the contract, we are not aware of any rule by which the measure of damages can be fixed.   There is no averment in the complaint that appellant's factory was to have been completed and ready for operation within a given and fixed time.   We cannot look to the evidence to determine the sufficiency of a pleading, for we take the pleading as it is, and it must stand or fall, according to its own strength or weakness.   The sufficiency of a pleading is a pure question of law, to be determined by the court.   The court takes the pleading as it has been cast, the demurrer admits the truth of the facts stated, and the court declares as a matter of law, whether the facts stated constitute a cause of action or a ground of defense. The contract declared on in

this case, by the averments of the complaint, was indefinite and uncertain as to duration. No time was fixed when appellee's term of service was to expire. According to his complaint he was to remain in appellant's service, at a fixed *per diem*, until the factory was completed and ready for operation, and when the factory was put in operation, he was to continue in its service indefinitely at a different *per diem*. We do not think such contract bound appellant to keep appellee in its service for any definite period, and that it could discharge him at any time, and only be liable to him for the wages earned up to the time of his discharge. It will be observed that there is no averment in the complaint requiring appellant, under its contract with appellee, to start the operation of its factory at all, or providing what time it should do so. Neither is there any averment that after the factory should be put in operation, it was to continue for any definite period. Suppose, for illustration, that after the contract of employment had been consummated, and after appellee had entered appellant's service, the appellant had, with or without sufficient cause, wholly abandoned the venture, project, or enterprise, and discharged appellee, could it be contended, upon any reasonable hypothesis, that it would have been liable to him, except for the wages actually earned to the date of discharge. Under such facts, what would be the standard by which appellee's damages could be measured? Appellee has not suggested any rule by which this problem can be solved, and we confess that we are not aware of any. Appellee's theory, carried to its logical conclusion, would make his contract with appellant a perpetual one, and it is evident that no such unreasonable conclusion can be drawn.

The common law rule, as stated by Mr. Chitty, is as follows: "The principal rule as to the mode of stat-

ing the facts, is that, they must be set forth with certainty; by which term is signified a clear and distinct statement of the facts which constitute the cause of action or ground of defense, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who are to give judgment." The rule has not been changed under the code practice, but on the contrary, has been emphasized by express enactment of the legislature. Section 341, Burns' R. S. 1894 (338, Horner's R. S. 1896), provides that, "The first pleading on the part of the plaintiff is the complaint. The complaint shall contain. * * * *Second.* A statement of facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

True, the statute does not use the words, "with certainty," but that is its evident meaning. Measured by the statute a "person of common understanding," or even one learned in the law, could not know the term, or duration of appellee's employment, under the contract declared upon.

In 1 Lawson's Rights and Remedies, section 260, the rule applicable here is stated as follows: "In the United States, on the contrary, a general and indefinite hiring is *prima facie* a hiring at will, though the servant is to be paid by the day, week, month, or year, as the case may be." *De Briar* v. *Minturn*, 1 Cal. 450; *Tatterson* v. *Mfg. Co.*, 106 Mass. 56; *Franklin Mining Co.* v. *Harris*, 24 Mich. 115; *Haney* v. *Caldwell*, 35 Ark. 156; *Orr* v. *Ward*, 73 Ill. 318; *Kansas Pacific R. W. Co.* v. *Roberson*, 3 Colo. 142.

In Georgia it was held that a servant employed at will may be discharged at any time. *Parks* v. *City of Atlanta*, 76 Ga. 828.

Appellee avers in his complaint that appellant was to give him "continuous" employment. The word "continuous" as here used must be considered synonymous with permanent. In California it has been held that a contract to employ a person "permanently" means nothing more than that the employment is to continue indefinitely, until one or the other of the parties desires its termination. *Lord* v. *Goldberg*, 81 Cal. 596, 22 Pac. 1126.

The case of *Baldwin* v. *Kansas City, etc., R. R. Co.*, 111 Ala. 515, 20 South. 349, is strongly in point here. In that case, appellee contracted with appellant to put in a switch and side-track at a sand-pit, owned by appellant, and agreed to haul sand from such pit for $8.00 per car load. The switch and track were put in as agreed, and sand was hauled under the agreement for three years, when the appellee notified the appellant that from a certain date the rate of freight would be increased to $12.00 per car. The Supreme Court of Alabama held that the contract being uncertain as to time, was determinable at the election of either party, and that an action would not lie for damages for the breach.

*Christensen* v. *Pacific Coast Borax Co.*, 26 Ore. 302, 38 Pac. 127, is also in point. That case grew out of a mining contract. The appellant agreed to timber the ground work, mine, clear, and sack the ore for $23.00 per ton. The appellee agreed to haul the timber to, and the ore from the mine, and not to deprive appellant of his contract. It was held that such agreement did not bind appellee to permit appellant to mine out all the ore in the mine, and to receive pay for the same, but that it was a simple contract of employment, for an indefinite time, determinable at appellee's pleasure.

In the case at bar, appellee's learned counsel have

not favored us with the citation of any authority in support of their contention, that appellant's objection to the complaint, for the reason that the contract of employment is indefinite and uncertain, is not well grounded. They urge that because the construction of appellant's factory was commenced, that it was certain to be completed; but it by no means follows, that because work has been commenced that it will ever result in a finished product. They also ask us to apply the rule, "*Certum est quod certum reddi potest*," but we cannot see that this maxim of the law is applicable here. As was said by this court in *Becker* v. *Baltimore, etc., R. W. Co.*, 17 Ind. App. 324: "The rule only applies where there is some means, either by computation, measurement * * *, that what is uncertain may be made certain."

From the complaint itself there is no data, or means stated, by which it could be determined when appellant would complete its factory, nor after its completion, how long it would operate it. The complaint does not state a cause of action, and the court erred in overruling appellant's demurrer thereto.

Judgment reversed, with instructions to the court below to sustain the demurrer to the complaint.