A. S. HOUGHTON, *Executor of the Estate of James F. Gardner, deceased,* v. ELLA FOWLER KITTLEMAN.

### No. 174.

1. CONTRACT FOR SERVICES— *Compensation for Extra Services Rendered.*   A person employed as housekeeper at an agreed price per week cannot recover from the estate of such employer, who dies during the employment, compensation for services as nurse, in addition to her weekly wages as housekeeper, when it does not appear that any agreement was ever made to pay for such extra services, or that the employer had any knowledge that she expected to charge therefor.

2. ——— *Quantum Meruit— Erroneous Instruction.* Where
the undisputed evidence in the case was that one of the items
sued for was for services rendered upon an express contract, at an
agreed rate per week, it was reversible error for the court to in-
struct the jury, as a matter of law, "that if you find that the
plaintiff did render services for James F. Gardner during this time,
or any part of it, then she is entitled to recover from the defend-
ant whatever her services, under the evidence, are shown to be
fairly worth."

Error from Riley district court; R B. SPILMAN,
judge. Opinion filed March 5, 1898. Reversed.

*John E. Hessin,* for plaintiff in error.

*R. S. Hick,* for defendant in error.

The opinion of the court was delivered by

WELLS, J.: The undisputed evidence in this case
develops the following facts: In June, 1887, Ellen
Fowler came to Manhattan, Kan., to visit her grand-
uncle, James F. Gardner, and continued her visit un-
til her aunt, Mrs. Gardner, died, some three weeks
after her arrival. After her aunt's death, at the re-
quest of her uncle, she remained with him as his
housekeeper until his death, which occurred in July,
1890, and was paid therefor at the rate of $2.50 per
week until July 1, 1889, in full for her services to that
date. After this there was no settlement between them,
but she continued to work for him, without any
change in the agreement, and was paid small sums as
she requested them, aggregating forty-eight dollars.
After her uncle's death she presented a bill against the
estate, as follows:

To labor housekeeping from July 1, 1889, to July
19, 1890, fifty-four weeks and five days, at $2.50 per
week, $136; to extra services in taking care of James
F. Gardner from July 1, 1889, to June 20, 1890, 355
days, at one dollar per day, $355.

She credited the $48 before mentioned thereon, leaving a balance claimed of $443.80, which was allowed in full by the probate court, and from which an appeal was taken by the executor to the district court, where the matter was tried to a jury, and a verdict recovered by the claimant for $278.80, which was approved by the court, and judgment rendered accordingly, and the case brought here for review.

It clearly appears from the record that there was a contract that the claimant should remain and keep house for the decedent, and that she should receive for such services $2.50 per week, and one of the questions at issue is, Can a person employed as housekeeper for a relative, at an agreed rate of wages, recover for extra services performed without any express agreement therefor, or any notice to the employer that she expected to charge for them ?

"If one under a salary or other regular pay performs, without any express understanding as to compensation, duties in excess of what the contract of employment demands, they will be presumed to have been rendered under the contract or voluntarily, and the law will create no promise to pay for them." Bishop on Contracts, § 222.

This rule appears to be both wise and just, and is in harmony with the general principles of the law governing implied contracts.

In this case, the first instruction given to the jury was as follows :

"I instruct you that the matters that are to be determined by you in this case are, first, whether this plaintiff, Ella Fowler Kittleman, at the time before her marriage, after the 1st day of July, 1889, and up to the 19th day of July, 1890, rendered any services for James F. Gardner, deceased, and, if so, the character of that service ; and, second, you are to deter-

14—7 KAN. APP.

mine, if you find that she did render service of any kind there, how much she is justly entitled to receive as compensation therefor. These are the facts which are presented to you in this case for determination ; and I instruct you, as a matter of law, that if you find that the plaintiff did render services for James F. Gardner during this time, or any part of it, then she is entitled to recover from the defendant, as executor of the estate of James F. Gardner, whatever her services under the evidence are shown to be fairly worth.''

This was clearly erroneous and misleading. If there was a contract for her services as housekeeper, (and the evidence on that subject was all one way,) then for those services, at least, she was entitled to the contract price—neither more or less. Under this instruction, the jury were authorized to fix the compensation therefor without any regard to the contract. There was sufficient error in the trial of this case to compel us to reverse the judgment.

The judgment of the court below will be reversed, and a new trial ordered.

McELROY, J., concurring.

MAHAN, P. J., dissenting.