THE HOME INSURANCE COMPANY, OF NEW YORK, v.
JOHN FEYERABEND.

**No. 286.**

1. FIRE INSURANCE—*Forfeiture Clause—How Construed.* Conditions for the forfeiture of indemnity under a contract of fire insurance, in cases where the insurer retains the premiums and seeks by such conditions to escape liability after a loss has occurred, should be strictly construed against the insurer.

2. ———— *Warranty in Application—Incendiarism—Concealment by Insured.* In such cases, an answer which alleges that by the contract the insured warranted the truthfulness of his answers in his application as a condition upon which the policy was given, and that in said application the following question was asked: "Incendiarism—have you any fears that your property is in danger from it?" which question plaintiff answered "No," and that said answer was false in this: that theretofore an attempt had been made to burn said insured property, which fact was well known to the plaintiff; that because of such attempt a policy then held by the plaintiff in the Farmers' Insurance Company, insuring said property, had been taken up and canceled by said company, which facts were concealed from the defendant in making said application; and that by reason of said application and said false statement so contained in said concealment the policy of insurance so issued thereon was void, does not contain allegations sufficient to constitute a defense, and an objection to the introduction of evidence thereunder was rightfully sustained.

Error from Marshall district court; R. B. SPILMAN, judge. Opinion filed March 5, 1898. Affirmed.

*Fyke, Yates & Fyke,* for plaintiff in error.

*W. S. Glass,* for defendant·in error.

The opinion of the court was delivered by

MAHAN, P. J.: The only contention in this case is that the court wrongfully sustained an objection to the introduction of evidence under the second count of the defendant's answer. That count of the answer is as follows:

"Further answering, defendant says that prior to

the execution and delivery of said policy of insurance, and as a condition precedent thereto, plaintiff made and delivered to defendant his written application therefor, by the terms of which, and by the terms of the policy sued on, all statements therein contained are made an express warranty by the assured and a part of said policy of insurance ; that in said written application the following question was asked : ' Incendiarism — have you any fears that your property is in danger from it?' Which question plaintiff answered 'No.' And this defendant says that said answer was false in this : that theretofore an attempt had been made to burn the said insured property, which fact was well known to plaintiff ; that because of such attempt a policy then held by the plaintiff in the Farmers' Insurance Company, insuring said property, had been taken up by said company and canceled, which facts were well known to the plaintiff, and were concealed from the defendant in the making of said written application. Wherefore defendant says that, by reason of said concealment and said false statement so contained in said application, as aforesaid, the said policy of insurance is void, and plaintiff cannot recover.''

The substance of this defense is that the plaintiff warranted the answers to the questions contained in his application for insurance to be true ; that the truthfulness thereof was a condition precedent to the binding force of the contract of insurance ; that this answer was untrue because the plaintiff knew that an attempt had been theretofore made to burn the insured property ; that because of such attempt a policy held by another company had been canceled, and because he concealed these facts from the defendant his answer was not true and the policy was void.

The question did not challenge the plaintiff's attention to these facts. It did not call for a disclosure of any facts. It called for a truthful response as to

whether he entertained fears at that time of incendiarism. This called for ·no disclosure of any facts such as are alleged to be incompatible with his answer. Had they been admitted to be true, as alleged, they would not show that his answer was untrue or that he thereby concealed any fact from the defendant his attention to which was challenged by this question.

Conditions upon which a forfeiture is predicated are to be strictly construed ; in other words, courts ought not to favor forfeitures, especially where the parties claiming the advantage of such forfeiture retain all the benefits of the contract which they seek to repudiate in a legal defense against their obligation arising thereunder.

Counsel for plaintiff in error cite us to the following cases in support of their contention to the contrary : *North Am. F. Ins. Co. v. Throop*, 22 Mich. 146 ; *Mc-Bride v. Republic F. Ins. Co.*, 30 Wis. 562 ; *Greet v. Citizens' Ins. Co.*, 27 Grant's Ch. (Ont.) 121 ; *Campbell v. Victoria Mut. F. Ins. Co.*, 45 U. C. Q. B. 412.

In the Michigan case the question in the application in regard to incendiarism was very different from the interrogatory in the application in this case. It was much more comprehensive. It first inquired if the applicant had any reason to believe his property to be in danger ; had a building on the same site ever been burned ? The failure in that case to disclose an attempt to burn the building appeared to be a wilful suppression of the facts, a failure to respond to the inquiries contained in the application.

The case from Wisconsin is practically the same. The clause of the syllabus covering this question is as follows :

" Where the applicant, being required to state

whether there was any incendiary danger to the property threatened or to be apprehended, stated that there was none, this would avoid the. policy if there was such danger fairly and reasonably to be apprehended, and known to the applicant and not disclosed by him to the agent.''

The particular form of the inquiry is not given, but is indicated by this clause of the syllabus. The applicant was required to state whether there was any incendiary danger, either threatened or to be apprehended. It is a very different interrogatory to the one in question.

In the case of *Greet v. Citizens' Insurance Co.*, supra, there were two questions in the application, as follows : '' Have you any reason to believe that your property is in danger from incendiaries ? '' and, '' Have you any reason to suppose your property to be in danger from incendiaries ? '' and to each he answered in the negative. It appeared from the evidence that he had received letters threatening the destruction of his property, which he failed to disclose, but denied that there was any danger, or that he had any reason to believe that there was danger or to suppose there was danger.

In the case of *Campbell v. Victoria Mutual Fire Ins. Co.*, supra, the interrogatory was : '' Is there reason to fear incendiarism, or has any threat been made ? '' To which the applicant answered '' No.'' This decision was also based, as appears from the statement of the case, upon legislative enactment under which it was provided in the policy that it should be void if the assured misrepresented or omitted to communicate any circumstance which was material to be made known to the company in order to enable it to judge of the risk which it undertook. It appeared from the evidence that the insured had reason to fear incendi-

Darby v. Washington County.

arism at the time he made the application; that he had been watching his property at night in fear thereof; and had failed to communicate to the agent of the insurance company these facts or the fact of the difficulties existing between him and the person from whom danger was apprehended.

These cases are all very different in their facts from the one at bar.

The court did not err in holding that the count failed to state facts sufficient to constitute a defense to the action on the policy.

Judgment is affirmed.