[No. 4394. Decided March 4, 1903.]

# N. W. PRESCOTT, *Appellant*, v. PUGET SOUND BRIDGE AND DREDGING COMPANY, *Respondent*.

PLEADING — WAIVER OF DEMURRER — FILING AMENDED COMPLAINT.

An erroneous ruling sustaining a demurrer to a complaint is waived by the filing of an amended complaint.

SAME—SUFFICIENCY OF COMPLAINT ATTACKED ON TRIAL.

Where a complaint is attacked by an objection to the introduction of any evidence in its support, on the ground that it does not state a cause of action, the attack will be treated as an attack on a complaint after verdict, when every reasonable intendment and legitimate inference susceptible of being drawn or deduced from the facts stated is permitted in aid of the statement of the cause of action.

CONTRACT OF EMPLOYMENT — CONSTRUCTION.

A contract of employment made in the state of Washington, whereby defendant agreed to employ plaintiff at a stipulated salary, "for the time the work undertaken by the defendant at Manila should last," was not so indefinite and uncertain, either as to the commencement or duration of service, as to render the contract void.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Reversed.

*Byers & Byers,* for appellant.

*Ballinger, Ronald & Battle* and *Thomas M. Vance,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—The appellant instituted this action to recover for an alleged breach of a contract of employment entered into between the appellant and respondent. To his original complaint a demurrer was interposed, which the trial court sustained. Thereupon he took leave

to amend, and thereafter filed an amended complaint. Issue of fact was joined on the amended complaint, and the cause set down for trial. At the trial the respondent objected to the introduction of any evidence on the part of the plaintiff on the ground that the amended complaint did not state facts sufficient to constitute a cause of action. This objection was sustained by the court, and the action dismissed, at the appellant's costs. It is assigned that the court erred (1) in sustaining the demurrer to the original complaint, and (2) in sustaining the objection to the introduction of evidence at the trial.

The first objection made is not open to the appellant. An erroneous ruling sustaining a demurrer to a complaint is waived by taking leave to amend, and thereafter filing an amended complaint. Such is the effect of the ruling of this court in *Bell v. Waudby*, 4 Wash. 743 (31 Pac. 18), and *Lowman v. West*, 7 Wash. 407 (35 Pac. 130); and such also is the general rule. *Ganceart v. Henry*, 98 Cal. 281 (33 Pac. 92); *Buck v. Reed*, 27 Neb. 67 (42 N. W. 894); *Hurd v. Smith*, 5 Colo. 233; *Rockwell v. Holcomb*, 3 Colo. App. 1 (31 Pac. 944); *People, for use of Kennard, v. Core*, 85 Ill. 248; *Petty v. Trustees of the Church of Christ*, 95 Ind. 278; *Rosa v. Missouri, K. & T. Ry. Co.*, 18 Kan. 124; *Clearwater v. Meredith*, 1 Wall. 25. To make the error available, the pleader must refuse to amend, and stand on his complaint, and appeal from the judgment the trial court may enter against him.

The amended complaint, omitting its formal parts, is as follows:

"Comes now the plaintiff, and by leave of court files herein his amended complaint, and for cause of action alleges:

"(1) That the defendant is a corporation, duly organized, created, and existing, under and by virtue of the laws

of the state of Washington, with its principal place of business at Seattle, Washington.

"(2) That on August 31st, 1901, the plaintiff and the defendant, through its president, C. E. Fowler, mutually agreed that the plaintiff should serve the defendant as foreman, and the defendant should employ plaintiff as foreman, for the time the work undertaken by the defendant at Manila should last; and that plaintiff, for his services, should receive the sum of one hundred and twenty-five ($125) dollars per month while engaged as foreman, and the sum of one hundred ($100) dollars per month while engaged in any other capacity.

"(3) That at said time the plaintiff offered to enter upon the service of the defendant, and has ever since been ready and willing so to do.

"(4) That the defendant wrongfully, and without cause, refused to permit the plaintiff to enter upon such service, to the damage of the plaintiff in the sum of four thousand five hundred ($4,500) dollars."

The objection made to this complaint is that the contract therein set out is too indefinite and uncertain to be capable of enforcement, in that it fixes no time for the commencement of the employment and no definite time for its continuance. But before passing to the objections made, it is well to notice for a moment the rule of construction of a pleading when attacked in the manner in which the respondent sought to attack the one before us. As the question whether or not a complaint states a cause of action can, under the express provisions of the Code, be raised at any stage of the proceedings, it was permissible for the respondent to raise the question when the appellant offered evidence to sustain the allegations of his complaint. Such an objection, however, will not be treated as a demurrer to the complaint, nor as a motion to make the complaint more definite and certain, in which defective and indefinite and uncertain allegations can be urged

against its sufficiency, but will be treated as an attack on the complaint is treated after verdict; it must be found that there is an absolute failure to state a cause of action, after every reasonable intendment and legitimate inference susceptible of being drawn or deduced from the facts stated in the complaint are drawn and deduced and applied in aid thereof. In other words, there must be something more than a defective statement of a cause of action; it must appear that the cause of action attempted to be stated is in itself defective. Tested by these rules, the complaint in question is sufficient. While it may be susceptible to a motion to make more definite and certain, or insufficient as against a demurrer, it is good as against an objection to the introduction of evidence after issue joined, and the cause placed on trial on its merits. It is alleged that on August 31, 1901, the appellant and respondent mutually agreed that the appellant should serve the respondent in certain capacities at certain wages, and that the plaintiff at that time offered to enter upon the service, but that the respondent wrongfully, and without cause, refused to permit him to enter thereon. The contract was one which, if it did not give the appellant the right to enter at once into the service of the respondent, gave him the right to enter therein within a reasonable time after its execution; and was broken, within either view, when the respondent wrongfully, and without cause, refused to permit the appellant to enter into the service at all. It was not, therefore, so indefinite and uncertain as to the time of the commencement of the service as to render it void. Nor was it so indefinite and uncertain as to its duration as to render it void. While its duration was uncertain in the sense that it was not shown how long the work undertaken by the respondent at Manila would last, yet it was not a contract of employment for

an indefinite period in the sense that either party could terminate it at will.   It was a contract to serve on the · one part and to employ on the other, obligatory upon each until the happening of a particular event, and until that event happened neither party could terminate the contract without committing a breach thereof.   A contract of hiring is not indefinite, nor terminable at will, because the precise number of days, months or years that the service is to continue, are not specified.   If there is a period of time, be the same fixed or indefinite, during which neither party is at liberty to terminate the contract, then the contract is not so indefinite or uncertain as to its duration as to be incapable of enforcement.   *McMullan v. Dickinson Co.,* 63 Minn. 405 (65 N. W. 661, 663); *Pennsylvania Co. v. Dolan,* 6 Ind. App. 109 (32 N. E. 802, 51 Am. St. Rep. 289); *Carter White Lead Co. v. Kinlin,* 47 Neb. 409 (66 N. W. 536); *Carnig v. Carr,* 167 Mass. 544 (35 L. R. A. 512, 46 N. E.  117, 57 Am. St. Rep. 488).

The court erred in sustaining the objection to the introduction of evidence, and in dismissing the. action.   The judgment will therefore be reversed, and the cause remanded, with instructions to try the cause upon its merits.

MOUNT, ANDERS and DUNBAR, JJ., concur.