[No. 5076.    Decided October 2, 1905.]

N. W. PRESCOTT, *Respondent,* v. PUGET SOUND BRIDGE & DREDGING COMPANY, *Appellant.*[1]

APPEAL—DECISION—LAW OF CASE ON SECOND APPEAL. In an action for damages for breach of a contract to employ plaintiff as long as certain work in Manila should last, a decision of the supreme court upon a former appeal on demurrer to the complaint, that it was not void for uncertainty as to its duration, nor was it for an indefinite period in the sense that either could terminate it at will, and holding that it was not so indefinite that either party was at liberty to terminate it, became the law of the case, and such contract must be held to be valid for a definite term, viz., as long as the work at Manila would last (MOUNT, C. J., and HADLEY, J., dissenting).

Appeal from a judgment of the superior court for King county, Griffin, J., entered November 7, 1903, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Ballinger, Ronald & Battle,* for appellant.

*Byers & Byers,* for respondent.

DUNBAR, J.—This is the second appeal in this case. It was here before upon a question of the sufficiency of the complaint. We then held that the contract sued upon was not void for uncertainty. 31 Wash. 177, 71 Pac. 772. When the cause was remanded, the defendant filed an answer, denying generally the allegations of the complaint, and alleging affirmatively that, by reasonable diligence, plaintiff could have obtained employment of the same kind and of equal wages as alleged in the complaint, and that plaintiff was in no wise injured or damaged by the act of defendant. The affirmative defense was denied by the reply. On these issues the cause was tried to the court and a jury. Verdict was returned in favor of the plaintiff for $700. Judgment

1Reported in 82 Pac. 606.

was subsequently entered upon the verdict, and the defendant appeals.

It is alleged that the court erred, (1) in overruling the defendant's objection to the impaneling of a jury to try the cause, which objection was based upon the ground that the $12 jury fee required by the statute of 1903 had not been paid as the law requires; (2) in not granting defendant's motion for nonsuit, which motion was based upon the ground that the plaintiff had failed to sustain the allegations of his complaint; (3) in not granting defendant's request for peremptory instructions to the jury to return a verdict for defendant; (4) in allowing plaintiff to introduce evidence showing the length of time that work at Manila would last; and (5) error in certain instructions which we will notice as we proceed.

There is no merit in the first assignment of error, as the jury fee was paid. The second and third assignments are based upon the same hypothesis, viz., that the proof failed to sustain the allegations of the complaint. This question was submitted to the jury on competent testimony, and this court will not disturb its finding in that respect.

The pivotal question in this case is involved in assignment four, alleging error in allowing plaintiff to introduce evidence showing the length of time that work at Manila would last. A copy of the complaint in this action will be found in 31 Wash. 177, 71 Pac. 772, *supra*. It is contended by the appellant that, in no event, could this contract be construed to be a contract for more than a month, and that the former decision of this court was only to the effect that the contract was not so indefinite as to render the same void, and could not be construed to go further than holding that plaintiff was at least entitled to nominal damages. The decision of this court on the former appeal has become the law of the case, so that the construction of such decision is the important question to consider here. We do not think, from a review of such decision, that it can bear the limited

or restricted construction placed upon it by the appellant. In the course of the opinion it is said:

"The contract was one which, if it did not give the appellant the right to enter at once into the service of the respondent, gave him the right to enter therein within a reasonable time after its execution; and was broken, within either view, when the respondent wrongfully, and without cause, refused to permit the appellant to enter into the service at all. It was not, therefore, so indefinite and uncertain as to the time of the commencement of the service as to render it void. Nor was it so indefinite and uncertain as to its duration as to render it void. While its duration was uncertain in the sense that it was not shown how long the work undertaken by the respondent at Manila would last, yet it was not a contract of employment for an indefinite period in the sense that either party could terminate it at will. It was a contract to serve on the one part and to employ on the other, obligatory upon each until the happening of a particular event, and until that event happened neither party could terminate the contract without committing a breach thereof."

It will be readily seen that the happening of the particular event in this case was the finishing of the projected work at Manila, and the language of this court is absolutely inconsistent with the idea that the damages for the breach would only be nominal, or that the contract could be terminated at the end of the month by either party to the same. The court continuing said:

"A contract of hiring is not indefinite, nor terminable at will, because the precise number of days, months or years that the service is to continue, are not specified. If there is a period of time, be the same fixed or indefinite, during which neither party is at liberty to terminate the contract, then the contract is not so indefinite or uncertain as to its duration as to be incapable of enforcement."

And it was there held that this particular contract was not so indefinite that either party was at liberty to terminate it. It seems to us that all the questions which are raised

on this appeal, with the exception of the assigned error in relation to the amount of the judgment, were necessarily involved and decided in the former appeal; for, if the construction that we now place upon the former opinion of this court is correct, the lower court in the present trial did not err in allowing plaintiff to introduce evidence showing the length of time that work at Manila would last, because the ascertainment of this fact was necessary to determine the damages which were sustained by the plaintiff by the violation of the contract on the part of the defendant. The other instructions complained of embrace substantially the same objections.

Finding no error in the record, the judgment is affirmed.

FULLERTON, J., concurs.

RUDKIN and CROW, JJ. (concurring)—We think the trial court construed the contract of the parties in accordance with the former opinion of this court. We therefore concur in the judgment.

MOUNT, C. J. (dissenting)—I dissent. The complaint and the contract in this case both show that the hiring was for an indefinite time, wages payable by the month. The time of the employment was probably definite for one month. *San Antonio R. Co. v. Sale* (Tex. Civ. App.), 31 S. W. 325. It was certainly general and indefinite beyond that time. It might continue for months or for years. In such cases the rule is settled in the United States that the hiring is terminable at any stated period. But where the contract is general and for an indefinite time, it is terminable at will. 20 Am. & Eng. Ency. Law (2d ed.), 14, 15; Wood, Master and Servant (2d ed.), § 136; 1 Lawson, Rights & Rem., § 260; *Speeder Cycle Co. v. Teeter,* 18 Ind. App. 474, 48 N. E. 595; *Baldwin v. Kansas City etc. R. Co.,* 111 Ala. 515, 20 South. 349; *Lord v. Goldberg,* 81 Cal. 596, 22 Pac. 1126,

15 Am. St. 82; *Christensen v. Pacific Coast Borax Co.*, 26 Ore. 302, 38 Pac. 127.

When the case was here before on demurrer to the complaint, we held that the contract was not so indefinite or uncertain as to render it *void,* and the complaint therefore stated a cause of action. The language used in the opinion at that time must be construed with reference to the point the court was called upon to decide. We did not then say that the contract was a hiring for one year or ten years, or any other definite time; but we said:

"If there is a period of time, be the same fixed or indefinite, during which neither party is at liberty to terminate the contract, then the contract is not so indefinite or uncertain as to its duration as to be incapable of enforcement."

A contract was made in this case. It was legal in all respects. The parties had a right to rely upon it. In my opinion it was enforcible for one month by either party against the other, and for that length of time neither party was at liberty to terminate it. Conceding that what was said in the former opinion is the law of the case, and giving the most liberal construction to the language used, with reference to the point decided, I cannot believe that we intended to hold, or did hold, that the contract was a definite contract for more than one month; because, by its plain terms and by the terms of the complaint, the time of hiring was "for the time the work . . . at Manila should last." If the term of this contract was not indefinite, it was definite only for one month, by reason of the fact that it was an employment by the month for an indefinite time. This is so clear to my mind that I cannot consent to a judgment for wages for more than one month. The trial court should have so instructed the jury. Because this was not done the cause should be reversed.

HADLEY, J., concurs with MOUNT, C. J.