## McKELVY v. CHOCTAW COTTON OIL CO.

No. 5599.   Opinion Filed September 21, 1915.

Rehearing Denied November 2, 1915.

(152 Pac. 414.)

1. **MASTER AND SERVANT—"Permanent Employment."** "Permanent employment" ordinarily means employment for an indefinite period, which, in the absence of some special consideration, may be arbitrarily severed at any time by either party.

2. **SAME—Right to Terminate.** Even though the employment be for some definite term. either party may terminate the same at any time, if sufficient cause exists for such action.

3. **MASTER AND SERVANT—Compensation—Recovery for Overtime.** It is a settled rule of law that compensation for work, within the scope of one's duties which he was employed to perform, in addition to the usual, but not fixed, hours for a day's work, cannot be recovered for. in the absence of a contract therefor, or a showing that the usual and controlling custom was to receive pay for such overtime work.

(Syllabus by Mathews, C.)

*Error from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

Action by W. E. McKelvy against the Choctaw Cotton Oil Company. Judgment for defendant, and plaintiff brings error. Reversed in part, and affirmed as to residue.

*C. F. Green,* for plaintiff in error.

*Wimbish & Duncan,* for defendant in error.

Opinion by MATHEWS, C. This was an action to recover upon a contract of employment as bookkeeper for defendant. The plaintiff was discharged before the end of his term of employment, and has instituted this action to recover the salary for the remainder of the term and for overtime work, alleged to have been done at night and on Sundays. The case was tried to a jury, which returned a verdict for defendant as directed by the court. Plaintiff's motion for a new trial being overruled, he has appealed to this court.

1. Plaintiff sued upon an alleged oral contract of employment, but at the trial it developed that plaintiff made a written application to defendant for employment in the form of a letter, which was replied to by a letter from defendant accepting his application for employment as bookkeeper. The court held these two letters to be a complete contract between the parties, and rejected proffered oral testimony upon the part of plaintiff as to the length of the term of employment, and held that as the written contract, being the two letters, was silent as to the length of the term of employment, it was a term at will, and could be ended by either party at any time. Plaintiff has assigned this ruling of the court as error, but we find it unnecessary to pass upon the question here presented, and

do not express any opinion thereon, for the reason that the only evidence offered upon that phase of the case by the plaintiff was to the effect that the employment was to be permanent. No evidence was offered to prove his allegations that the employment was to be for one year. Therefore, if the ruling of the court was error, as alleged by plaintiff, it was in no event prejudicial error, and resulted in no harm to plaintiff.

"Permanent employment" means employment for an indefinite period which may be severed by either party. Bouv. Law Dict. As a general rule the word "permanent," as applied to employment, is construed to mean that the employee shall retain the position only until one of the contracting parties shall elect to terminate it, and this election may be an arbitrary one without assigning any cause therefor. This construction is uniformly placed thereon, unless it appears that the contract was entered into with some valuable consideration as its basis, as where one agrees to give another permanent employment in settlement of a claim for personal injuries and like instances. *Sullivan v. Detroit, Y. & A. A. Ry. Co.*, 135 Mich. 661, 98 N. W. 756, 64 L. R. A. 673, 106 Am. St. Rep. 403; *Louisville & N. R. Co. v. Cox*, 145 Ky. 667, 141 S. W. 389; *McKinney v. Statesman Pub. Co.*, 34 Or. 509, 56 Pac. 651; *Speeder Cycle Co. v. Teeter*, 18 Ind. App. 474, 48 N. E. 595; *Prescott v. Puget Sound Bridge & Dredging Co.*, 40 Wash. 354, 82 Pac. 606; *Lord v. Goldberg et al.*, 81 Cal. 596, 22 Pac. 1126, 15 Am. St. Rep. 82; *Faulkner v. Des Moines Drug Co.*, 117 Iowa, 120, 90 N. W. 585; Labatt's Master and Servant, sec. 175.

2. The only vice we find here in the action of the trial court is his instructing for the defendant upon plaintiff's first cause of action, which was for the salary for

the remainder of the alleged term of employment accruing after his discharge, which vice arises from the fact that defendant admits in its answer that plaintiff's "term of service was for what is known as the 'season' for the year 1911-1912; that is, for the period during which said mill was actively engaged in the manufacture of oil from cotton seed." In the face of this admission that the plaintiff was employed for the "season," and it appearing that the evidence submitted at the trial was conflicting as to whether or not there was sufficient cause for the discharge, the court should have submitted the question to the jury, under proper instructions, for their finding as to whether or not the defendant had sufficient cause for discharging plaintiff, and had the jury determined that the said grounds were not sufficient, they should have had submitted for their consideration the additional question as to the length of the cotton oil "season," or when the same closed. Of course, even though it be admitted, as it is in this case, that plaintiff's service was for some stated period, yet the defendant had the legal right to discharge him at any time for sufficient cause, but if it appears that there was not sufficient cause for the dismissal, which is a question for the jury, it must indemnify the employee for the loss of his position. Labatt's Master & Servant, sec. 183; *Porter et al. v. Murphy,* 7 Ind. T. 395, 104 S. W. 658; *Von Heyne v. Tompkins,* 89 Minn. 77, 93 N. W. 901, 5 L. R. A. (N. S.) 524.

The letter from defendant to plaintiff, accepting his services as offered in his letter to defendant, contained this clause:

"Our usual contract will be submitted to you for your signature when you come up."

Plaintiff went to work upon his arrival at defendant oil mill without anything being said about the contract, and no contract was offered him for his signature, and none was brought further to his attention in any way. The contract mentioned above in defendant's letter to plaintiff contained a clause to the effect that if the services of the employees are not satisfactory to defendant, it retained the privilege of discharging them at any time it elected to do so. This contract was not binding upon plaintiff, as he never signed the same, nor were its contents brought to his notice. If defendant desired him to sign the contract, it should have been presented to him for that purpose; but when defendant permitted plaintiff to enter into its employ without signing the same, then it cannot now be heard to say that it was binding upon plaintiff, even though he did not sign it.

3. Plaintiff's second and third causes of action were a claim for overtime work alleged to have been performed at night and on Sundays. The court sustained a demurrer to the evidence as to these two causes of action. It is a settled rule of law that compensation for work, within the scope of one's duties, which he was employed to perform, in addition to the usual, but not fixed, hours for a day's work, cannot be recovered for, in the absence of a contract therefor, or a showing that the usual and controlling custom was to receive pay for such overtime work. McGregor v. Harm, 19 N. D. 599, 125 N. W. 885, 30 L. R. A. (N. S.) 649; Guthrie v. Merrill, 4 Kan. 187; Houghton v. Kittleman, 7 Kan. App. 207, 52 Pac. 899.

The evidence in this case does not disclose that there were any stated hours of work fixed, either by contract or custom, in defendant cotton oil mill; but the evidence in

the case was decidedly to the contrary, that the employees of defendant remained at their respective duties until the same were completed, and that during the time the cotton was moving and cattle were being fed it was necessary for all to put in extra time, for which none received any pay beyond their regular salary, and before and after the busy season the work was correspondingly light, but the regular salary was paid. The plaintiff failed to prove his second and third causes of action, and the ruling of the court in sustaining a demurrer thereto was proper.

The judgment of the lower court should be reversed as to plaintiff's first cause of action, and remanded, with instructions to the trial court to proceed in accordance with this opinion; and the judgment as to plaintiff's second and third causes of action should be affirmed.

By the Court:    It is so ordered.