## MAYFIELD et al. v. FIDELITY STATE BANK.

No. 16896—Opinion Filed Sept. 7, 1926.

(Syllabus.)

### Contracts — Binding Effect of Signature — Presumption as to Knowledge of Contents.

A person signing an instrument is presumed to know its contents, and one in possession of his faculties and able to read and understand and having an opportunity to read a contract which he signs, if he neglects and fails to do so, cannot escape its liability.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Action by the Fidelity State Bank of Cleveland, Okla., against William R. Mayfield and Lafayette F. Mayfield. Judgment for plaintiff, and defendants appeal. Affirmed.

F. E. Riddle, for plaintiffs in error.

Thurman S. Hurst, for defendant in error.

PHELPS, J. This cause was originally filed by the Fidelity State Bank of Cleveland in the district court of Pawnee county to recover on a promissory note and to foreclose a real estate mortgage executed by the defendant William R. Mayfield, who appears here as plaintiff in error. The answer of the defendant admitted that he signed the note sued on, but denies the execution of the mortgage alleged to have been given to secure the payment thereof. When the cause was called for trial, however, he testified that when the note was given, the cashier of the bank prepared the note and mortgage for his signature and that before he signed them the cashier read them over to him, and he signed the note, but understood the mortgage to be merely an assignment of his oil royalties instead of a real estate mortgage. At the close of the trial

the court sustained plaintiff's motion for and directed a verdict for the plaintiff, from which defendant appeals, and in such appeal but one question is presented, to wit: Was there sufficient evidence to justify the court in submitting the case to the jury?

We have carefully examined the record and reach the conclusion that the court committed no error in directing the verdict. Plaintiff in error testified that he could read and write, and that the cashier of the bank read the mortgage to him before he signed it. He does not claim that any false representations were made to him by the officers of the bank, but merely contents himself by asserting that the bank had never requested him to execute a mortgage, and that he did not understand what the legal effect of his signing the instrument would be, and under the state of facts disclosed by his own testimony the law in this state is so well settled that citation of authorities or comment upon the reasons supporting such authorities seems useless.

In Guthrie & Western Railroad Co. v. Rhodes, 19 Okla. 21, 91 Pac. 1119, the rule was laid down by this court that:

"In the absence of any evidence of incapacity to read, or any trick or artifice resorted to to prevent his reading it, a party signing a written instrument that is plain and unequivocal in its terms, is bound by its express terms, and conditions therein contained, and that he cannot set up his own carelessness and his own indolence as a defense, and, because he failed to make use of the faculties possessed by him for determining its conditions, be heard to say that its terms or conditions should be other or different from what they are."

The application of this rule in its various phases has been before this court many times and has been enlarged, explained, and discussed in numerous opinions, but in all of which this fundamental, sound, and salutary rule has been adhered to. McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 Pac. 524; Herron v. Rumley, 29 Okla. 317, 116 Pac. 952; Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 Pac. 577: Ames v. Milam, 53 Okla. 739, 157 Pac. 941; Young v. Cole, 91 Okla. 113, 216 Pac. 429.

In Ozark States Trust Co. v. Winkler, 84 Okla. 7, 202 Pac. 12, in discussing this rule the court quotes from Upton v. Tribilcock, 91 U. S. 45, 23 L. Ed. 203, stating:

"It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law."

Ely Walker Dry Goods Co. v. Smith, 69 Okla. 261, 160 Pac. 898, was a case somewhat similar to the one at bar, and in the third paragraph of the syllabus this court said:

"A person signing an instrument is presumed to know its contents, and one in possession of his faculties and able to read and understand, and having an opportunity to read a contract which he signs, if he neglects and fails to do so, cannot escape its liability, for the reason that at the time false representations were made as to its contents."

In the instant case there was no claim on the part of plaintiff in error that any misrepresentations were made to him, but he says that he had never been asked by the bank to sign a mortgage, but that he understood he was requested to and did sign an assignment of his oil royalties, and under the state of the record here the trial court could properly pursue no different course than was pursued.

The judgment is therefore affirmed.

NICHOLSON. C. J., BRANSON, V. C. J., and MASON, LESTER. HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 13 C. J. p. 370, §249; 6 R. C. L p. 624: 2 R. C. L. Supp. p. 168; 4 R. C. L. Supp. p. 430; 5 R. C. L. Supp. p. 359.