**Jaime GUERRERO, Appellant,**

v.

**Charles HORN, Appellee.**

No. 78,516.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 25, 1992.

Teresa A. Rendon, Stan L. Foster, Oklahoma City, for appellant,

Charles Horn, pro se.

HUNTER, Judge:

Appellant sued Appellee for $2,770.00 in unpaid wages owed him from his employment as a farm worker from January 1, 1990 through January 5, 1991. Appellant also sought liquidated damages pursuant to 40 O.S.Supp.1982 § 165.3(B) in an amount equal to the wages due for Appellee's failure to pay wages when due. The trial court awarded Appellant judgment in

the amount of $2,770.00, plus attorney's fees and costs, but denied liquidated damages. This appeal followed.

Appellant alleges the language of Section 165.3(B) mandated an award for liquidated damages upon Appellee's failure to pay unpaid wages when due. No transcript or narrative statement of the proceedings was made and Appellee filed no answer brief on appeal. Where no answer brief is filed and the omission is unexcused, this Court is not obligated to search the record for some theory to affirm the judgment and will ordinarily reverse the appealed judgment if the appellant's brief is reasonably supportive of the allegations of error. *Matter of Mullins*, 606 P.2d 573 (Okl.1980).

Section 165.3(A) requires an employer to pay an employee's wages in full upon termination by the next regular pay period. The trial court found Appellee failed to pay Appellant unpaid wages when due. It appears that despite Appellant's repeated demands for payment over an extended period of time, Appellee refused payment.

Section 165.3(B) provides in pertinent part:

> If an employer fails to pay an employee wages as required under subsection A of this section, such employer *shall* be additionally liable to the employee for liquidated damages in the amount of two percent (2%) of the unpaid wages for each day upon which such failure shall continue after the day upon which payment is required; or in an amount equal to the unpaid wages, whichever is smaller; ... (Emphasis ours.)

Although we find no case law interpreting this provision, it is clear that the usage of the word "shall" connotes a mandatory duty and must be given a compulsory meaning. *TIB Corp. v. Edmondson*, 630 P.2d 1296 (Okl.1981); *Smith v. State Board of Equalization*, 630 P.2d 1264 (Okl. 1981). Appellee clearly was liable for liquidated damages under Section 165.3(B) and the trial court erred in failing to award liquidated damages to Appellant in the amount equal to the judgment. Appellant's brief is reasonably supportive of his

allegation of error. The trial court's judgment awarding Appellant $2,770.00, plus attorney's fees and costs is affirmed. The portion of the judgment denying liquidated damages is hereby reversed and this matter is remanded with instructions to enter judgment in Appellant's favor for an additional $2,770.00, representing liquidated damages pursuant to Section 165.3(B).

AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

HANSEN, V.C.J., and BAILEY, P.J. concur.