2003 OK 20

**Mary Norman FEIGHTNER, Plaintiff/Appellant,**

v.

**BANK OF OKLAHOMA, N.A., Defendant/Appellee.**

No. 95,207.

Supreme Court of Oklahoma.

March 4, 2003.

---

**65.** See discussion, pages 615–617, supra.

Frederic W. Southern, jr., Oklahoma City, OK, for Plaintiff/Appellant.

Frederic Dorwart and J. Michael Medina, Tulsa, OK, for Defendant/Appellee.

LAVENDER, J.

¶ 1 Plaintiff/appellant, Mary Norman Feightner sued defendant/appellee, Bank of Oklahoma, N.A. (BOK) for unpaid overtime and unpaid loan origination commissions. Two issues are before us. One, did the trial judge correctly give summary judgment to BOK on the overtime claim as barred by claim (*res judicata*) and/or issue (collateral estoppel) preclusion as having been previously litigated in an adjudicative administrative proceeding had before the Oklahoma Department of Labor (DOL) under 40 O.S.2001, § 165.7 that resulted in a final order adverse to Ms. Feightner and in favor of BOK?[1] Two, did the trial judge err in granting summary judgment to BOK because material disputed fact issues exist concerning the loan origination commission claim?

## PART I. STANDARD OF REVIEW.

■■■■ ¶ 2 An appellate court reviews a grant of summary judgment by a *de novo* standard. This Court said in *Carmichael v. Beller*, 1996 OK 48, 914 P.2d 1051:

Although a trial court in making a decision on whether summary judgment is appropriate considers factual matters, the ultimate decision turns on purely legal determinations, i.e. whether one party is entitled to judgment as a matter of law because there are no material disputed

---

1. The trial court summary judgment under review was filed in the trial court in August 2000. The administrative law judge's (ALJ) "findings of fact and conclusions of law and order" was filed in the administrative proceeding with the Oklahoma Department of Labor (DOL) in July 1998. Title 40 O.S.2001, § 165.7 has remained unchanged since 1993 when extensive amendments were made to the provision [1993 Okla. Sess. Laws, Ch. 263, § 3 (West)]. Section 165.7 is part of a statutory scheme—40 O.S.2001, § 165.1 et seq., as amended—concerning the requirement that covered employers pay the wages due their employees, including overtime pay when applicable.

factual questions. Therefore, as the decision involves purely legal determinations, the appellate standard of review of a trial court's grant of summary judgment is *de novo.* [This Court], like the trial court, will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. Further, all inferences and conclusions to be drawn from the evidentiary materials must be viewed in the light most favorable to the non-moving party. (Citations omitted.)

*Id.* at 1053. If the materials subject to consideration on a motion for summary judgment either disclose controverted material facts, or, reasonable minds might reach different conclusions even if the material facts are undisputed, a motion for summary judgment should be denied. *Perry v. Green,* 1970 OK 70, 468 P.2d 483, .488–489. A *de novo* review involves a plenary, independent and non-deferential examination of the trial court's legal rulings. *In the Matter of the Assessment of Real Property of Integris Realty Corporation,* 2002 OK 85, ¶ 6, 58 P.3d 200, 203. In the final analysis, summary judgment process is properly invoked only when it serves to eliminate a useless trial. *Id.,* 2002 OK 85, at ¶ 5, 58 P.3d at 203.

■ ¶ 3 Whether preclusion doctrine will apply in any particular case is sometimes a question of law and in others a mixed question of law and fact. *See Barker v. State Insurance Fund,* 2001 OK 94, ¶ 6, 40 P.3d 463, 466. It is solely a question of law if (1) the facts are undisputed [*id.*], (2) the preclusion question can be answered solely by reviewing the judgment put forward as the bar (*Montague v. State ex rel. Com'rs of Land Office,* 1939 OK 190, 89 P.2d 283, 284 *Second Syllabus by the Court* ), or (3) the preclusion determination can be made solely by inspection of the record of the proceeding(s) culminating in the judgment put forward as the bar. *Factor Oil Co. v. Brydia,* 1938 OK 356,

85 P.2d 311, 312 *Fifth Syllabus by the Court.* "[A] deferential standard of review applies to resolutions of disputed facts when supported by reasonable evidence; an independent judgment standard of review applies to the ultimate conclusion that these facts do or do not trigger preclusion." *Barker v. State Insurance Fund, supra,* 2001 OK 94, at ¶ 6, 40 P.3d at 466 [quoting *A.J. Bayless v. Industrial Commission of Arizona,* 179 Ariz. 434, 880 P.2d 654, 659 (Ariz.App.1993)].

■ ¶ 4 We are also concerned in this case with the interpretation of 40 O.S.2001, § 165.7(G) and the legislative language employed there. A legal question involving statutory interpretation is also subject to a *de novo* review standard. *Samman v. Multiple Injury Trust Fund,* 2001 OK 71, ¶ 8 and f.n. 5, 33 P.3d 302, 305 and f.n. 5. With these standards in mind we turn to a review of the matter.

**PART II. SUMMARY JUDGMENT RECORD AND PROCEDURAL BACKGROUND.**

¶ 5 Ms. Feightner went to work for BOK as an assistant vice president and branch manager in mid–1995 and worked for BOK until mid–1997. In July 1997, shortly after her employment with BOK ended, she submitted a wage claim form and an amended form to the Oklahoma Department of Labor (DOL). The forms claimed entitlement to overtime compensation she asserted BOK refused to pay. The DOL provided Ms. Feightner with an attorney to represent her, and the wage claim, on an individual basis, proceeded to hearing before an administrative law judge (ALJ) in late January 1998.[2] At the administrative level only issues concerning entitlement to overtime compensation were litigated to final result; entitlement to unpaid loan origination commissions was not adjudicated at the administrative level.[3]

---

2. Title 40 O.S.2001, § 165.7(D) requires the hearing to be held in accordance with the applicable provisions of the Oklahoma Administrative Procedures Act (OAPA), 75 O.S.2001, § 250 et seq., as amended. Article II of the OAPA, 75 O.S.2001, § 308a et. seq. generally governs the hearing procedures of state agency adjudicative process.

3. We do not read defendant/appellee, Bank of Oklahoma, N.A.'s (BOK) summary judgment submissions as asserting the loan origination commission claim is barred by application of preclusion doctrine by virtue of the administrative adjudication. Nor does BOK make such an assertion in its petition for certiorari to this

¶ 6 In June 1998 the ALJ issued detailed written "findings of fact[,] conclusions of law and order" (FF/CL), said decision culminating in judgment at the administrative level in BOK's favor based upon a determination Ms. Feightner was not entitled to overtime compensation. From review of the summary judgment evidentiary materials, which include a transcript of the hearing before the ALJ and the FF/CL, it is, in our view, an undisputed material fact that Ms. Feightner's alleged entitlement to overtime compensation was presented and litigated at the administrative level on two theories. One, although her job with BOK was a management position and, thus, an exempt one for purposes of overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C.A. § 201 et seq., in actuality, during most of her employment with BOK she was required to perform numerous nonexempt functions and, thus, she was entitled to overtime compensation for hundreds of hours of overtime she was required to work during her tenure with BOK. Two, a BOK superior promised to pay her for the overtime claimed (at one and one-half times her effective hourly rate), thus, she was entitled to the overtime pay as a matter of oral contract. In other words, she claimed entitlement to overtime compensation by virtue of the provisions of the FLSA and via oral contract theory.

¶ 7 The ALJ ruled against Ms. Feightner on both theories. Also, the ALJ expressly noted in his conclusions of law that because Oklahoma does not have any overtime regulation he was required to apply federal standards set forth in the FLSA and that Act's implementing regulations. No appeal for judicial review to a State district court was taken from the ALJ's decision as would have been allowed by § 165.7(E) in conformity with the provisions of the Oklahoma Administrative Procedures Act (OAPA), 75 O.S. 2001, § 250 et seq., as amended.[4]

¶ 8 Approximately one year later—in July 1999—Ms. Feightner filed the suit that is the subject of this appeal. Her petition alleges an oral contract providing for overtime

compensation and loan origination commissions of three percent (3%) on all loan originations performed. The petition also claims a willful violation by BOK of the FLSA.

¶ 9 BOK moved for summary judgment. It asserted the overtime claim was barred as having been previously adjudicated adversely to Ms. Feightner in the administrative proceeding that culminated in the final order of the ALJ. As to the loan origination commission claim BOK's summary judgment evidentiary materials attempted to show it had paid Ms. Feightner all the commissions due. Ms. Feightner responded to the summary judgment motion arguing, in essence, her suit for overtime compensation was not barred because, although the suit seeks similar relief than sought at the administrative level, it also seeks other and additional relief, and that the dictates of § 165.7(G) express legislative intent to withhold affording preclusive effect to the administrative determination in a subsequent suit on that claim.

¶ 10 As to the loan origination commissions asserted to be due she presented evidentiary material, including her affidavit, she argued raised genuine material disputed factual issues. In essence, she challenged BOK's claim of payment of what she asserted was due. She also disputed BOK's position as to the proper rate of the commission and exactly upon what activity the commission was to be earned. In such regard BOK attempted to show by its evidentiary materials that a commission of three basis points, which it asserts means 1/100th of one percent, was due on all loans ultimately funded, not merely originated by Ms. Feightner. BOK also asserted in its summary judgment submission(s) that it would make no business sense for BOK to pay a commission merely on loans originated, rather than loans actually funded, because BOK only derived a benefit when the loan was funded. It also, in essence, questioned the credibility of Ms. Feightner's affidavit concerning her recitation of oral agreement reached on the loan commission claim and the lack of corrobora-

---

Court in its attack on the decision of the Court of Civil Appeals (COCA).

4. The general statute concerning judicial review of a final administrative order made in an individual proceeding (i.e. adjudicative proceeding) is found in § 318 of the OAPA.

tive evidence as to such an agreement. Finally, as we read Ms. Feightner's affidavit she, in effect, swears therein that she reached an express oral agreement with an authorized BOK superior to be compensated by a three percent (3%) commission in addition to her regular salary.

¶ 11 As noted above, the trial judge gave summary judgment to BOK. The Court of Civil Appeals, Division IV (COCA) reversed the trial court's grant of summary judgment and remanded for further proceedings. All three judges of the COCA believed summary judgment was erroneously given to BOK on the loan origination commission claim because material disputed fact issues existed. The COCA majority opinion also decided summary judgment was improperly granted on the overtime claim on the basis the language employed in § 165.7(G) expressed legislative intent to withhold preclusive effect in later district court suits from final adjudicative administrative decisions in overtime claims previously the subject of litigation under § 165.7. BOK sought certiorari review as to both issues and we previously granted certiorari.

## PART III(A). OVERTIME COMPENSATION.

¶ 12 This Court recently reiterated the basic principles of preclusion doctrine, claim and issue, in the following language:

The central elements of claim and issue preclusion are well known. Claim preclusion bars relitigation by parties or their privies of issues which either were or could have been litigated in a prior action which resulted in a prior judgment on the merits. In other words, where the two causes of action are the same the first judgment is a complete bar to the second action. Issue preclusion requires, at a minimum, that the party against whom it is being asserted was either a party to or a privy of a party to the prior action and that the issue subject to preclusion have actually been adjudicated in the prior case in which said issue was necessary or essential to its outcome, but the doctrine does not require the successive causes of action to be the same. For either to be properly applied the party against whom it is interposed, or someone

in privity with such party, must have had a full and fair opportunity to litigate the claim or critical issue. (Citations omitted.)

*State ex rel. Moshe Tal v. City of Oklahoma City,* 2002 OK 97, ¶ 20, 61 P.3d 234, 245.

¶ 13 Oklahoma's jurisprudence has foreshadowed a willingness to apply preclusion doctrine to final adjudicative administrative decisions if appropriate and not subject to some recognized exception. *See Dority v. Green Country Castings Corp.,* 1986 OK 67, 727 P.2d 1355, 1360–1361; *see also Bostwick v. Atlas Iron Masters, Inc.,* 1988 OK CIV APP 20, 780 P.2d 1184. We have, however, never been called on to apply preclusion in regard to a final administrative decision under the involved statutory scheme or gauge the meaning of § 165.7(G). Ms. Feightner asserts § 165.7(G) evidences such an exception, to wit: a statutory direction to withhold giving preclusive effect to the administrative decision concerning her overtime compensation claim.

¶ 14 Although generally, application of preclusion principles to final agency adjudicatory decisions is favored, one recognized exception is when there is a statutory intent or directive to the contrary. *See Astoria Federal Savings and Loan Association v. Solimino,* 501 U.S. 104, 107–108, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991). Furthermore, even though such a legislative intent or directive need not be express, but may be found through implication (*id.,* 501 U.S. at 108–110, 111 S.Ct. 2166), in our view, there must be at least some reliable indicia of such intent to allow successive relitigation of an essentially identical claim or issue anew in a different forum. As we will explain, § 165.7(G) falls short of the mark.

¶ 15 The purposes of *res judicata*/claim preclusion and collateral estoppel/issue preclusion are to relieve the parties of the cost and vexation of multiple lawsuits, conserve the resources of the judiciary, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). These dual preclusion doctrines are often used interchangeably because they are closely related and both promote the same

general public policy concerns. *Miller v. Miller,* 1998 OK 24, ¶ 22, 956 P.2d 887, 896. Issue preclusion applies to both issues of fact and law necessary to the judgment set up as having preclusive effect. *Miller v. Miller, supra,* 1998 OK 24, at ¶ 25, 956 P.2d at 897. In essence, preclusion doctrine fosters the important goal of affording finality to litigation where the same parties or their privies have once had a full and fair opportunity to litigate their claims.[5]

¶ 16 Title 40 O.S.2001, § 165.7 provides:

A. The Commissioner of Labor shall enforce and administer the provisions of this act and in any case where a civil action may be brought for the collection of a wage claim, the Commissioner of Labor may provide for an administrative proceeding to determine the validity and enforce collection of the claim. The administrative proceeding shall be conducted according to the Administrative Procedures Act.

B. In any case when the Commissioner has received a wage complaint, the Commissioner may seek collection of such claim through administrative proceedings in a manner provided in this section. The Commissioner may join in a single administrative proceeding any number of wage claims against the same employer. The Commissioner shall serve upon the employer an order of determination directing the employer to pay to the Commissioner the amount of the wage claim and any penalty amounts. Service shall be made by regular mail to the employer's last-known address. The order of determination shall include:

1. A reference to the particular sections of the statutes or rules involved;

2. A short and concise statement of the basis for the amounts determined to be owed to each wage claimant;

3. A statement that the employer within twenty (20) days after receipt of the order of determination must pay in full the wage claim and any penalties assessed on appeal to district court; and

4. A statement that unless a written request for reconsideration is received by the Commissioner or the order is appealed to district court within the time specified, the order of determination shall become final.

C. Upon failure of the employer to pay the amount specified in the order of determination or to request reconsideration or appeal to district court, the order of determination shall become final.

D. A hearing shall be held in accordance with the applicable provisions of the Administrative Procedures Act by the Commissioner or the Commissioner's designee. The Commissioner shall adopt rules for such hearing. In any hearing before the Commissioner's designee, the designee is authorized to issue the final order in the case.

E. Final administrative orders issued in a wage claim proceeding are subject to appeal pursuant to the Administrative Procedures Act.

F. When an order under this section becomes final by operation of law or an appeal, and the amount due is not paid within twenty (20) days after the order becomes final, the order may be recorded with the county clerk in any county of this state. The clerk shall thereupon record the name of the person incurring the penalty and the amount of the penalty in the county clerk's lien record. The order may be collected as any other money judgment.

G. **The remedies provided by Sections 165.1 through 165.11 of this title shall be additional to and not in substitution for and in no manner impair other remedies. Additionally, one or more individuals who are aggrieved by violation of any provision of Sections 165.1 through 165.11 of this title shall be entitled to bring an action in his or their own name to enforce the provisions of such sections.** (Emphasis added.)

Section 165.7 has remained unchanged since 1993 when extensive amendments were made to the provision. 1993 Okla. Sess. Laws, Ch.

---

5. We note that our review of the summary judgment materials shows that plaintiff/appellant, Ms. Feightner's claim for entitlement to overtime compensation was subject to full and fair litigation within the confines of the adjudicative administrative proceeding.

263, § 3 (West). At such time the above-described statutory structure for administrative adjudicative proceedings on wage claims was added to the provision. Section 165.7 is part of a larger statutory scheme—40 O.S. 2001, § 165.1 et seq., as amended—concerning the requirement that covered employers pay the wages due their employees, including overtime pay when applicable. Prior to 1993 private individual actions to recover unpaid wages were (and still are) authorized under § 165.9 and such actions had been brought in our district courts under the statutory scheme by private individuals before the 1993 amendments. *See e.g. Guerrero v. Horn,* 1992 OK CIV APP 104, 837 P.2d 935.

■■■ ¶ 17 Although one might make a reasonable argument the language of § 165.7(G) is geared toward exhibiting legislative intent to withhold preclusive effect from a final administrative decision such as was made in Ms. Feightner's overtime case, a natural reading of the subsection's language does not readily lend itself to such a view. Instead, a reading of the provision's terms more naturally leads to the conclusion the Legislature was concerned with making sure that the mere existence of the remedial scheme created by §§ 165.1 through 165.11, including and notwithstanding the addition of the detailed administrative scheme for enforcement, would not be viewed as taking the place of other remedies. In our view, a plain reading of the language exhibits such an intent and a concomitant understanding that the remedial scheme was to be an alternative one in nature and further that an individual with a wage claim enforceable in both administrative and judicial forums would not be mistakenly required to exhaust the former to gain access to the latter. Exhaustion of administrative remedies is normally a prerequisite for resort to the courts in matters involving adjudicative administrative proceedings subject to the OAPA. *See e.g. Conoco, Inc. v. State Dept. of Health,* 1982 OK 94, 651 P.2d 125.

¶ 18 A plain reading of § 165.7(G)'s terms, however, does not go so far as to show, either by express language or impliedly (with suffi-cient indicia of reliability) an intent that an individual who **actually uses** the administrative forum to final adverse adjudicative conclusion was to be allowed a legislatively imposed dispensation from recognized common law preclusion doctrine. The language simply does not indicate that a person who has once actually administratively litigated his claim, fully and fairly, to overtime pay, and lost, may then move to a different forum and successively litigate the same claim or issue again outside the confines of normal judicial review of administrative decisions. Nothing in the state statutory scheme required Ms. Feightner to invoke the administrative process; however, once that course was voluntarily chosen and the matter culminated in a final adjudicative administrative order that was available for subjection to judicial review under the OAPA the application of preclusion doctrine as an affirmative defense was a potential consequence.[6]

¶ 19 In the final analysis we simply cannot conclude the Legislature intended to allow multiple, successive opportunities to litigate a claim like that at issue here or to override the beneficial purposes fostered by giving final adjudicative administrative decisions made pursuant to § 165.7 preclusive effect. The language of § 165.7(G) does not require such a result nor that we permit a suit for overtime compensation anew in a judicial tribunal when an adjudicative administrative official, after a full and fair opportunity to litigate, has already finally decided against a claimant's entitlement thereto. The trial court was, therefore, correct to grant summary judgment as to the overtime claim and the COCA erred by reversing the trial judge in such regard.

## PART III(B). LOAN ORIGINATION COMMISSIONS.

■■■ ¶ 20 We need pause only briefly to consider whether it was error for the trial court to have granted summary judgment to BOK on Ms. Feightner's claim to unpaid commissions. Again, under summary judgment process we, like the trial court, are required to view all inferences and conclusions to be drawn from the evidentiary mate-

---

**6.** *Res judicata* is set out as an affirmative defense in the Oklahoma Pleading Code, 12 O.S.2001, § 2001 et seq., as amended. 12 O.S.2001, § 2008(C).

rials in the light most favorable to the non-moving party—here Ms. Feightner. As set out in **PART II[,] SUMMARY JUDGMENT RECORD AND PROCEDURAL BACKGROUND[,] ¶ 10**, we read Ms. Feightner's affidavit (submitted in response to BOK's summary judgment materials) to, in essence, swear that she reached an express oral agreement with an authorized BOK superior to be compensated by a three percent (3%) commission for loan originations in addition to her regular salary. Although BOK disputes such an oral agreement, we believe nothing additional in the way of corroborative evidentiary materials on Ms. Feightner's part—as argued by BOK below and on certiorari—was necessary to defeat BOK's quest for summary judgment on the issue.[7]

## PART IV. SUMMARY.

¶ 21 The trial court was correct to grant summary judgment to BOK on the overtime claim because it is barred by either *res judicata*/claim or collateral estoppel/issue preclusion by virtue of its previous final adjudication at the administrative level. However, the trial judge erred in granting summary judgment on the loan origination commission claim because the evidentiary materials showed a genuine dispute concerning material factual issues.

¶ 22 Accordingly, the Court of Civil Appeals' opinion is **VACATED** and the trial court judgment is **AFFIRMED IN PART AND REVERSED IN PART** and the matter is **REMANDED** for further proceedings.

¶ 23 HODGES, LAVENDER, HARGRAVE, SUMMERS, BOUDREAU and WINCHESTER, JJ., concur.

¶ 24 WATT, C.J., OPALA, V.C.J. and KAUGER, J., concur in part; dissent in part.

---

7. Nothing in a case cited by BOK, *McKelvy v. Choctaw Cotton Oil Co.*, 1915 OK 649, 152 P. 414, is to the contrary. Although it is somewhat difficult to tell from reading *McKelvy* whether the plaintiff there actually asserted the existence of an oral contract for extra compensation in addition to his salary for overtime work, it is plain that the proof at trial failed to disclose such a contract, therefore, this Court affirmed the trial court's sustaining of a demurrer to the claim for compensation for overtime work. *Id.*, 152 P. at 415–416. Here, Ms. Feightner has sworn to the existence of a contract concerning compensation in the form of commissions in regard to loan originations, compensation she, in essence, avers was to be in addition to her regular salary.