2015 OK CIV APP 55

Danny and Candy CHANEY,
Plaintiffs/Appellees,

v.

Eskridge CHEVROLET,
Defendant/Appellant,

and

Cherokee Strip Credit Union, Defendant.

No. 112,810.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Feb. 5, 2015.

Certiorari Denied May 11, 2015.

Jeff L. Todd, Jared R. Boyer, Oklahoma City, Oklahoma, for Appellant.

M. Kathi Rawls, Minal Gahlot, Moore, Oklahoma, for Appellees.

LARRY JOPLIN, Judge.

¶ 1 Defendant/Appellant, Eskridge Chevrolet, seeks review of the trial court's order denying Eskridge's motion to compel arbitration on the contract and tort claims of Plain-

tiffs, Danny and Candy Chaney, arising out of the automobile contract for a 2012 Chevrolet Colorado truck, purchased by the Chaneys in June 2012. Eskridge argues the purchase agreement, signed by Danny Chaney, specifically compels the parties' dispute be resolved by arbitration, contrary to the trial court's order which found the arbitration clause to be invalid. In the alternative, Eskridge argues the trial court should have conducted an evidentiary hearing to determine if the arbitration clause was enforceable.

¶ 2 The Chaneys' petition alleges they began looking at the Chevy Colorado at Eskridge's Guthrie, Oklahoma, location in June 2012. The Chaneys allege they were told by the Eskridge salespeople the truck was new. At the Chaneys' request, Eskridge provided a CarFax, which indicated there was no damage or collision history for the vehicle. The couple says they were told by Eskridge personnel the truck was new, had never been in an accident, had been brought from its point of origin to Eskridge, and had never been titled in another's name.

¶ 3 The Chaneys thought about the truck purchase for several days, during which time Mr. Chaney said they received a number of phone calls from Eskridge touting the soundness of the truck and that it would be a "great purchase" for them. The Chaneys returned to Eskridge on June 25, 2012 to purchase the truck, after securing financing from Cherokee Strip Credit Union.

¶ 4 In July, less than a month after the purchase, Mr. Chaney noticed a cable hanging from the truck. When he got under the vehicle to investigate, he noticed the tread on a couple of the tires was shredding. On his way to a local dealership to have the truck and tires examined, Mr. Chaney crashed into a ditch when the wheels locked and he was no longer able to control the car.

¶ 5 After towing the truck to the local dealership, the Chaneys discovered the truck had been previously wrecked and had prior damage to the frame. After communications between the Chaneys, Eskridge and the local dealership, Eskridge took the truck to a repair place in Oklahoma City. The Chaneys allege Eskridge and the repair shop were unable to agree on the repairs needed and Eskridge has not taken the vehicle back, nor has it been repaired. The Chaneys have continued to make their payments, but have been without use of the truck since the July 2012 accident.

¶ 6 The Chaneys filed their petition in Logan County District Court on December 31, 2013, seeking damages for fraud, breach of contract, violation of the Oklahoma Consumer Protection Act, UCC (Uniform Commercial Code) violations and intentional infliction of emotional distress. Mr. Chaney filed an affidavit in support of Plaintiffs' claims. The Chaneys also moved for a declaratory judgment or alternatively for an evidentiary hearing, alleging the arbitration clause contained in the purchase agreement was fraudulently induced and invalid. Eskridge filed a motion to compel arbitration on January 23, 2014, arguing that even if all Plaintiffs' allegations were true, arbitration was mandated under the terms of the purchase agreement Mr. Chaney signed. The trial court heard argument from both parties on March 7, 2014, although no evidentiary hearing was conducted. Both parties argued alternatively for an evidentiary hearing, in the event their desired result was not reached, Defendant's motion to compel or Plaintiffs' declaratory motion.

¶ 7 The trial court issued its order on April 4, 2014, granting the declaratory relief sought by the Chaneys and determined the arbitration clause to be invalid. The order also made several factual findings, including that the salesman's explanation of the purchase agreement did not indicate the purchase agreement contained an arbitration clause, Mr. Chaney would not have signed the agreement had he known it contained the arbitration clause and the terms of the contract were not worked out freely between the parties. From this order Eskridge appealed.

¶ 8 In its appeal, Eskridge first argues the arbitration agreement is governed by the Federal Arbitration Act (FAA) and the Act requires the case be submitted to arbitration. Eskridge argues the court erred in finding the arbitration agreement was unconscionable. Also, Plaintiffs' fraudulent inducement

claim is insufficient as a matter of law. Eskridge's final proposition of error argues that in the event Plaintiffs' claims raise a question regarding whether the arbitration agreement can be enforced, an evidentiary hearing should be granted, because it was improper for the trial court to summarily invalidate the arbitration clause and make factual findings without conducting an evidentiary hearing.

¶ 9 Among the fraud allegations the Chaneys make against Eskridge, they allege Eskridge committed fraud in the inducement of the arbitration agreement itself, by physically concealing the agreement from Mr. Chaney as he was asked to sign the purchase agreement, intentionally drawing emphasis away from the arbitration provision itself, and omitting explanation or reference to the arbitration clause when explaining to the Chaneys what the purchase agreement entailed.

■■■ ¶ 10 Eskridge's appeal claims the Chaneys did not adequately raise the question of whether the arbitration agreement can or cannot be enforced.

Generally, the question of whether there exists a valid, enforceable agreement to arbitrate constitutes one of law to be reviewed by a *de novo* standard, without deference to the lower court. *Oncology & Hematology P.C.*, 2007 OK 12, ¶ 19, ¶ 160 P.3d at 944; *Rogers*, 2005 OK 51, ¶ 18, 138 P.3d at 831. However, "an application to compel arbitration may present questions of fact and law as to the existence or the enforceability of an arbitration agreement," and "[w]here the facts are controverted, mixed questions of fact and law . . . require [the application of] deferential review standards." *Bruner v. Timberlane Manor Ltd. Partnership*, 2006 OK 90, ¶ 8, 155 P.3d 16, 20. The " 'deferential standard of review applies to resolutions of disputed facts when supported by reasonable evidence.' " *Feightner v. Bank of Okla.*, 2003 OK 20, ¶ 3, 65 P.3d 624, 627.

*Bark v. Lake Country Chevrolet Cadillac, L.L.C.,* 2014 OK CIV APP 24, 321 P.3d 1007, 1011.

¶ 11 As noted in *Bark v. Lake Country Chevrolet,* 2014 OK CIV APP 24, 321 P.3d 1007, the appellate court determined "the trial court was authorized to inquire into whether a valid contract, including an agreement to arbitrate, was ever reached between the Plaintiffs and Defendants." The trial court here was similarly authorized to examine the Chaneys' claims of fraud in the inducement of the arbitration agreement itself. Having said that, the appellate court generally reviews the question of a valid, enforceable agreement to arbitrate by a *de novo* standard. *Id.* at 1011 (citations omitted). However, when an application to compel arbitration presents questions of law and fact as to the existence or enforcement of an arbitration agreement, mixed questions of fact and law may arise, requiring a more deferential review standard. *Id.*[1]

■■■ ¶ 12 Appellant/Eskridge first asserts the arbitration agreement is governed by the FAA and that the FAA requires the case be compelled to arbitration. However, section 4 of the FAA demands a claim of fraud in the inducement of the arbitration agreement be submitted to the court. *Id.; Prima Paint,* 388 U.S. at 403–04, 87 S.Ct. 1801. Factual findings regarding whether the arbitration clause is substantively unconscionable are premature, and should await the court's evidentiary hearing and decision regarding whether fraud occurred to induce the arbitration provision itself. *Bark,* 321 P.3d at 1012 (court reversed and remanded trial court's arbitration decision for purposes of conducting an evidentiary hearing).

■■■ ¶ 13 Eskridge's next proposition argues the Chaneys' allegations of fraud are insufficient as a matter of law to overcome the arbitration clause, because someone who signs an agreement is presumed to know its contents and one with an opportunity to read

---

**1.** "As noted, *Prima Paint [Corporation v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270] submits to arbitrators the resolution of a claim of fraud in the inducement of the entire contract, *as contrasted with a claim of fraud in the inducement of the arbitration agree-* ment itself. Because the latter claim involves the 'making' of an agreement to arbitrate under § 4 [of the FAA], it is for the court to resolve.* 388 U.S. at 403–04, 87 S.Ct. 1801, 18 L.Ed.2d 1270."

*Bark v. Lake Country Chevrolet,* 321 P.3d at 1011 (emphasis added).

the contract which he signs cannot escape liability under the contract. *Mayfield v. Fidelity State Bank of Cleveland,* 1926 OK 664, 121 Okla. 179, 249 P. 136. However, this presumption can be overcome by a showing of fraud. *Dusbabek v. Bowers,* 1934 OK 594, 173 Okla. 53, 43 P.2d 97.

¶ 14 Eskridge also argues that allegations similar to the Chaneys' have been insufficient to substantiate fraud allegations in previously decided Oklahoma cases. *See Silk v. Phillips Petroleum Co.,* 1988 OK 93, 760 P.2d 174, 178. The plaintiff in *Silk* made allegations somewhat similar to those made by the Chaneys in this case. The plaintiff alleged an option to renew clause had never been discussed during her first meeting with the defendant regarding an oil and gas lease. She was later directed to sign the agreement as defendant pointed out the spaces where her signature was needed, at which time defendant never mentioned the option to renew. The plaintiff claimed if the defendant had pointed out the clause and explained it, she would never have signed the lease. The court found her allegations to be insufficient to establish fraud.

¶ 15 However, there are at least two important distinctions between the present case and *Silk.* First, the appellate court found there was no evidence the *Silk* defendant made any representations about the contents of the written agreement when it was presented for Silk's signature, which is in contrast to the Chaneys' allegations in this case, wherein the Chaneys allege Eskridge described to them the contents and purpose of the purchase agreement, allegedly leaving out all reference to arbitration. Second, the appellate court in *Silk* had an evidentiary record upon which to base its analysis, something that is lacking in this case. An evidentiary hearing should provide a better understanding of the extent of the Chaneys' allegations and how their assertions of fraud compare against the legal authority available. The lack of an evidentiary record in this case impedes this court's ability to properly examine the trial court's decision to invalidate the arbitration agreement, similar to the appellate court's position in *Bark,* 321 P.3d at 1012.

¶ 16 In this case, the trial court was presented with factual allegations on the part of the Plaintiffs and assertions by Defendant/Eskridge that the purchase agreement signing did not transpire as the Chaneys allege. The Chaneys allege Eskridge physically concealed the arbitration portion of the agreement during the signing of the purchase agreement. They also allege Eskridge explained to them the only purpose of the purchase agreement was to inform the credit union of the vehicle that was being purchased and the price. The Chaneys allege during the entire purchasing process, they were never told about nor clearly shown the language that would deny their access to the courts. Eskridge argues the Chaneys' description of the purchase signing is inaccurate and that the arbitration clause was not concealed. Eskridge argues the language is prominently displayed within the contract, a fact Plaintiffs contest. Eskridge also denies there was any attempt to withhold information about the arbitration agreement when explaining the purchase to the Chaneys. These are competing positions that each of the parties need to address with the submission of evidence at an evidentiary hearing. *Id.*

¶ 17 We hold that Plaintiffs presented allegations of fraud in the inducement of the arbitration agreement itself and the trial court is authorized to examine whether the Chaneys were fraudulently induced to enter into the arbitration provision. *Prima Paint,* 388 U.S. at 403–04, 87 S.Ct. 1801; *Bark,* 321 P.3d at 1011. The trial court's order makes factual findings in favor of Plaintiffs, but does so without having conducted an evidentiary hearing. As a result, the Chaneys have not had an opportunity to present reasonable evidence so that the court may determine whether the arbitration provision particularly was procured by fraud. *Bark,* 321 P.3d at 1011; *Feightner v. Bank of Oklahoma,* 2003 OK 20, 65 P.3d 624, 627. And Defendant has had no opportunity to refute Plaintiffs' assertions with its own evidentiary material. The order of the trial court should be reversed and the cause remanded to conduct an evidentiary hearing to make the determination

whether the arbitration provision was procured by fraud.

¶ 18 The order of the trial court is RE-VERSED, and this cause REMANDED FOR FURTHER PROCEEDINGS.

MITCHELL, P.J., and HETHERINGTON, C.J., concur.