OSCN Found Document:CHANEY v. ESKRIDGE CHEVROLET

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CHANEY v. ESKRIDGE CHEVROLET
2015 OK CIV APP 55
350 P.3d 170
Case Number: 112810
Decided: 02/05/2015
Mandate Issued: 05/28/2015
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 55, 350 P.3d 170

 

DANNY and CANDY CHANEY, Plaintiffs/Appellees,
v.
ESKRIDGE 
CHEVROLET, Defendant/Appellant,
and
CHEROKEE STRIP CREDIT UNION, 
Defendant.

APPEAL FROM THE DISTRICT COURT OF
LOGAN COUNTY, OKLAHOMA
HONORABLE LOUIS DUEL, JUDGE

REVERSED AND REMANDED

Jeff L. Todd, Jared R Boyer, Oklahoma City, Oklahoma, for Appellant,
M. 
Kathi Rawls, Minal Gahlot, Moore, Oklahoma, for Appellees.


Larry Joplin, Judge:
¶1 Defendant/Appellant, Eskridge Chevrolet, seeks review of the trial court's 
order denying Eskridge's motion to compel arbitration on the contract and tort 
claims of Plaintiffs, Danny and Candy Chaney, arising out of the automobile 
contract for a 2012 Chevrolet Colorado truck, purchased by the Chaneys in June 
2012. Eskridge argues the purchase agreement, signed by Danny Chaney, 
specifically compels the parties' dispute be resolved by arbitration, contrary 
to the trial court's order which found the arbitration clause to be invalid. In 
the alternative, Eskridge argues the trial court should have conducted an 
evidentiary hearing to determine if the arbitration clause was enforceable.
¶2 The Chaneys' petition alleges they began looking at the Chevy Colorado at 
Eskridge's Guthrie, Oklahoma, location in June 2012. The Chaneys allege they 
were told by the Eskridge salespeople the truck was new. At the Chaneys' 
request, Eskridge provided a CarFax, which indicated there was no damage or 
collision history for the vehicle. The couple says they were told by Eskridge 
personnel the truck was new, had never been in an accident, had been brought 
from its point of origin to Eskridge, and had never been titled in another's 
name.
¶3 The Chaneys thought about the truck purchase for several days, during 
which time Mr. Chaney said they received a number of phone calls from Eskridge 
touting the soundness of the truck and that it would be a "great purchase" for 
them. The Chaneys returned to Eskridge on June 25, 2012 to purchase the truck, 
after securing financing from Cherokee Strip Credit Union.
¶4 In July, less than a month after the purchase, Mr. Chaney noticed a cable 
hanging from the truck. When he got under the vehicle to investigate, he noticed 
the tread on a couple of the tires was shredding. On his way to a local 
dealership to have the truck and tires examined, Mr. Chaney crashed into a ditch 
when the wheels locked and he was no longer able to control the car.
¶5 After towing the truck to the local dealership, the Chaneys discovered the 
truck had been previously wrecked and had prior damage to the frame. After 
communications between the Chaneys, Eskridge and the local dealership, Eskridge 
took the truck to a repair place in Oklahoma City. The Chaneys allege Eskridge 
and the repair shop were unable to agree on the repairs needed and Eskridge has 
not taken the vehicle back, nor has it been repaired. The Chaneys have continued 
to make their payments, but have been without use of the truck since the July 
2012 accident.
¶6 The Chaneys filed their petition in Logan County District Court on 
December 31, 2013, seeking damages for fraud, breach of contract, violation of 
the Oklahoma Consumer Protection Act, UCC (Uniform Commercial Code) violations 
and intentional infliction of emotional distress. Mr. Chaney filed an affidavit 
in support of Plaintiffs' claims. The Chaneys also moved for a declaratory 
judgment or alternatively for an evidentiary hearing, alleging the arbitration 
clause contained in the purchase agreement was fraudulently induced and invalid. 
Eskridge filed a motion to compel arbitration on January 23, 2014, arguing that 
even if all Plaintiffs' allegations were true, arbitration was mandated under 
the terms of the purchase agreement Mr. Chaney signed. The trial court heard 
argument from both parties on March 7, 2014, although no evidentiary hearing was 
conducted. Both parties argued alternatively for an evidentiary hearing, in the 
event their desired result was not reached, Defendant's motion to compel or 
Plaintiffs' declaratory motion.
¶7 The trial court issued its order on April 4, 2014, granting the 
declaratory relief sought by the Chaneys and determined the arbitration clause 
to be invalid. The order also made several factual findings, including that the 
salesman's explanation of the purchase agreement did not indicate the purchase 
agreement contained an arbitration clause, Mr. Chaney would not have signed the 
agreement had he known it contained the arbitration clause and the terms of the 
contract were not worked out freely between the parties. From this order 
Eskridge appealed.
¶8 In its appeal, Eskridge first argues the arbitration agreement is governed 
by the Federal Arbitration Act (FAA) and the Act requires the case be submitted 
to arbitration. Eskridge argues the court erred in finding the arbitration 
agreement was unconscionable. Also, Plaintiffs' fraudulent inducement claim is 
insufficient as a matter of law. Eskridge's final proposition of error argues 
that in the event Plaintiffs' claims raise a question regarding whether the 
arbitration agreement can be enforced, an evidentiary hearing should be granted, 
because it was improper for the trial court to summarily invalidate the 
arbitration clause and make factual findings without conducting an evidentiary 
hearing.
¶9 Among the fraud allegations the Chaneys make against Eskridge, they allege 
Eskridge committed fraud in the inducement of the arbitration agreement itself, 
by physically concealing the agreement from Mr. Chaney as he was asked to sign 
the purchase agreement, intentionally drawing emphasis away from the arbitration 
provision itself, and omitting explanation or reference to the arbitration 
clause when explaining to the Chaneys what the purchase agreement entailed.
¶10 Eskridge's appeal claims the Chaneys did not adequately raise the 
question of whether the arbitration agreement can or cannot be enforced.

 
 Generally, the question of whether there exists a valid, enforceable 
 agreement to arbitrate constitutes one of law to be reviewed by a de 
 novo standard, without deference to the lower court. Oncology & 
 Hematology P.C., 2007 OK 
 12, ¶ 19, 160 P.3d at 944; Rogers, 2005 OK 51, ¶ 18, 138 P.3d at 
 831. However, "an application to compel arbitration may present questions of 
 fact and law as to the existence or the enforceability of an arbitration 
 agreement," and "[w]here the facts are controverted, mixed questions of fact 
 and law ... require [the application of] deferential review standards." 
 Bruner v. Timberlane Manor Ltd. Partnership, 2006 OK 90, ¶ 8, 155 P.3d 16, 20. The 
 "'deferential standard of review applies to resolutions of disputed facts 
 when supported by reasonable evidence.'" Feightner v. Bank of Okla., 
 2003 OK 20, ¶ 3, 65 P.3d 624, 
627.
Bark v. Lake Country Chevrolet Cadillac, L.L.C., 2014 OK CIV APP 24, 321 P.3d 1007, 1011.
¶11 As noted in Bark v. Lake Country Chevrolet, 2014 OK CIV APP 24, 321 P.3d 1007, the appellate court 
determined "the trial court was authorized to inquire into whether a valid 
contract, including an agreement to arbitrate, was ever reached between the 
Plaintiffs and Defendants." The trial court here was similarly authorized to 
examine the Chaneys' claims of fraud in the inducement of the arbitration 
agreement itself. Having said that, the appellate court generally reviews the 
question of a valid, enforceable agreement to arbitrate by a de novo 
standard. Id. at 1011 (citations omitted). However, when an application 
to compel arbitration presents questions of law and fact as to the existence or 
enforcement of an arbitration agreement, mixed questions of fact and law may 
arise, requiring a more deferential review standard. Id.[1]
¶12 Appellant/Eskridge first asserts the arbitration agreement is governed by 
the FAA and that the FAA requires the case be compelled to arbitration. However, 
section 4 of the FAA demands a claim of fraud in the inducement of the 
arbitration agreement be submitted to the court. Id.; Prima Paint, 
388 U.S. at 403-04. Factual findings regarding whether the arbitration clause is 
substantively unconscionable are premature, and should await the court's 
evidentiary hearing and decision regarding whether fraud occurred to induce the 
arbitration provision itself. Bark, 321 P.3d 1012 (court reversed and 
remanded trial court's arbitration decision for purposes of conducting an 
evidentiary hearing).
 
¶13 Eskridge's next proposition argues the Chaneys' allegations of fraud are 
insufficient as a matter of law to overcome the arbitration clause, because 
someone who signs an agreement is presumed to know its contents and one with an 
opportunity to read the contract which he signs cannot escape liability under 
the contract. Mayfield v. Fidelity State Bank of Cleveland, 1926 OK 664, 121 Okla. 179, 249 P. 136. However, this 
presumption can be overcome by a showing of fraud. Dusbabek v. Bowers, 1934 OK 594, 173 Okla. 53, 43 P.2d 97.
¶14 Eskridge also argues that allegations similar to the Chaneys' have been 
insufficient to substantiate fraud allegations in previously decided Oklahoma 
cases. See Silk v. Phillips Petroleum Co., 1988 OK 93, 760 P.2d 174, 178. The plaintiff in 
Silk made allegations somewhat similar to those made by the Chaneys in 
this case. The plaintiff alleged an option to renew clause had never been 
discussed during her first meeting with the defendant regarding an oil and gas 
lease. She was later directed to sign the agreement as defendant pointed out the 
spaces where her signature was needed, at which time defendant never mentioned 
the option to renew. The plaintiff claimed if the defendant had pointed out the 
clause and explained it, she would never have signed the lease. The court found 
her allegations to be insufficient to establish fraud.
¶15 However, there are at least two important distinctions between the 
present case and Silk. First, the appellate court found there was no 
evidence the Silk defendant made any representations about the contents 
of the written agreement when it was presented for Silk's signature, which is in 
contrast to the Chaneys' allegations in this case, wherein the Chaneys allege 
Eskridge described to them the contents and purpose of the purchase agreement, 
allegedly leaving out all reference to arbitration. Second, the appellate court 
in Silk had an evidentiary record upon which to base its analysis, 
something that is lacking in this case. An evidentiary hearing should provide a 
better understanding of the extent of the Chaneys' allegations and how their 
assertions of fraud compare against the legal authority available. The lack of 
an evidentiary record in this case impedes this court's ability to properly 
examine the trial court's decision to invalidate the arbitration agreement, 
similar to the appellate court's position in Bark, 321 P.3d at 1012.
¶16 In this case, the trial court was presented with factual allegations on 
the part of the Plaintiffs and assertions by Defendant/Eskridge that the 
purchase agreement signing did not transpire as the Chaneys allege. The Chaneys 
allege Eskridge physically concealed the arbitration portion of the agreement 
during the signing of the purchase agreement. They also allege Eskridge 
explained to them the only purpose of the purchase agreement was to inform the 
credit union of the vehicle that was being purchased and the price. The Chaneys 
allege during the entire purchasing process, they were never told about nor 
clearly shown the language that would deny their access to the courts. Eskridge 
argues the Chaneys' description of the purchase signing is inaccurate and that 
the arbitration clause was not concealed. Eskridge argues the language is 
prominently displayed within the contract, a fact Plaintiffs contest. Eskridge 
also denies there was any attempt to withhold information about the arbitration 
agreement when explaining the purchase to the Chaneys. These are competing 
positions that each of the parties need to address with the submission of 
evidence at an evidentiary hearing. Id.
¶17 We hold that Plaintiffs presented allegations of fraud in the inducement 
of the arbitration agreement itself and the trial court is authorized to examine 
whether the Chaneys were fraudulently induced to enter into the arbitration 
provision. Prima Paint, 388 U.S. at 403-04; Bark, 321 P.3d at 
1011. The trial court's order makes factual findings in favor of Plaintiffs, but 
does so without having conducted an evidentiary hearing. As a result, the 
Chaneys have not had an opportunity to present reasonable evidence so that the 
court may determine whether the arbitration provision particularly was procured 
by fraud. Bark, 321 P.3d at 1011; Feightner v. Bank of Oklahoma, 
2003 OK 20, 65 P.3d 624, 627. And Defendant has 
had no opportunity to refute Plaintiffs' assertions with its own evidentiary 
material. The order of the trial court should be reversed and the cause remanded 
to conduct an evidentiary hearing to make the determination whether the 
arbitration provision was procured by fraud.
¶18 The order of the trial court is REVERSED, and this cause REMANDED FOR 
FURTHER PROCEEDINGS.

MITCHELL, P.J., and HETHERINGTON, C.J., concur.

FOOTNOTES

[1] "As 
noted, Prima Paint [Corporation v. Flood & Conklin Mfg. Co., 388 U.S. 
395, 87 S.Ct. 1801, 18 L.Ed.2d 1270] submits to arbitrators the resolution of a 
claim of fraud in the inducement of the entire contract, as contrasted with a 
claim of fraud in the inducement of the arbitration agreement itself. Because 
the latter claim involves the 'making' of an agreement to arbitrate under § 4 
[of the FAA], it is for the court to resolve. 388 U.S. at 403-04, 87 S.Ct. 
1801."
Bark v. Lake Country Chevrolet, 321 P.3d at 1011 (emphasis 
added).
 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2014 OK CIV APP 24, 321 P.3d 1007, BARK v. LAKE COUNTRY CHEVROLET CADILLAC, LLC
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 93, 760 P.2d 174, 59 OBJ 1688, Silk v. Phillips Petroleum Co.
Discussed
 1934 OK 594, 43 P.2d 97, 173 Okla. 53, DUSBABEK v. BOWERS
Discussed at Length
 2003 OK 20, 65 P.3d 624, FEIGHTNER v. BANK OF OKLAHOMA, N.A.
Discussed at Length
 2005 OK 51, 138 P.3d 826, ROGERS v. DELL COMPUTER CORPORATION
Cited
 2006 OK 90, 155 P.3d 16, BRUNER v. TIMBERLANE MANOR LIMITED PARTNERSHIP
Discussed
 2007 OK 12, 160 P.3d 936, OKLAHOMA ONCOLOGY & HEMATOLOGY P.C. v. US ONCOLOGY, INC.
Cited
 1926 OK 664, 249 P. 136, 121 Okla. 179, MAYFIELD v. FIDELITY STATE BANK
Discussed at Length